NOWELL AMOROSO KLEIN BIERMAN, P.A.
William D. Bierman (WB – 8955)
155 Polifly Road
Hackensack, New Jersey 07601
Telephone:    (201) 343-5001
Facsimile:    (201) 343-5181
E-mail: wbierman@nakblaw.com
Attorneys for Defendant,
Central Transport, Inc.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **INDEMNITY INSURANCE COMPANY OF NORTH AMERICA a/s/o MTS SYSTEMS CORP.,** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| **v.** ) ) | **Civil Action No.: 07-cv-8201** |
| **CENTRAL TRANSPORT, INC.,** ) ) ) | **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** |
| **Defendant.** ) | |

## ANSWER

For its answer and affirmative defenses to the Complaint, the Defendant, Central

Transport, Inc. ("Defendant" or "Central") states and alleges as follows:

Unless specifically admitted in this Answer, all claims, theories, allegations and

paragraphs in the Complaint are denied.

1.    Defendant admits that the allegations in the Complaint are governed by the

provisions of the Carmack Amendment, 49 U.S.C. § 14706, and that that court has jurisdiction

pursuant to 28 U.S.C. §§ 1331 and 1337.

2.     The Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint and, therefore, denies the allegations.

3.     Defendant admits that it has a place of business located at 1225 Stephens Road, Warren, Michigan and that it has an agent for service of process in the State of New York pursuant to the Federal Motor Carrier Safety Administration Rules and Regulations.  Deny the remainder.

4.     The Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint and, therefore, denies the allegations.

5.     Defendant denies the allegations of paragraph 5 of the Complaint with regard to "good order and condition." The remaining allegations of paragraph 5 of the Complaint are admitted.

6.     Deny.

7.     Defendant admits that the shipment was returned to the shipper.  Deny the remainder.

8.     The Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint and, therefore, denies the allegations.

9.     The Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 9 of the Complaint and, therefore, denies the allegations. The remaining allegations of paragraph 9 of the Complaint are denied.

10.    Defendant denies the allegations of paragraph 10 of the Complaint.

**WHEREFORE**, Defendant request that Plaintiff's Complaint be dismissed with prejudice, that a judgment be entered in favor of Defendant for its reasonable attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      If plaintiff suffered any damages, which are expressly denied, the negligence or fault of non-joined parties must be compared, which bars or diminishes plaintiff's right to recover herein.

3.      Any damages that plaintiff may have suffered, which are expressly denied, were directly caused by or contributed to by plaintiff and plaintiff should therefore be barred from recovery.

4.      Plaintiff has failed to mitigate its damages, if any.

5.      Defendant met all of its obligations under all agreements.

6.      Defendant acted reasonably under the circumstances of this case.

7.      The shipment Defendant received for transportation was accepted in accordance with and subject to all the terms and conditions of the Uniform Straight Bill of Lading and Defendant's effective rates, rules, classifications and tariffs, and the rules and regulations of the Federal Motor Carrier Safety Administration, which together form the contract of carriage for the transportation of said shipment and define the responsibilities of Defendant in this matter. Defendant duly performed all of the terms and conditions thereunder which it was required to perform.

8.      Defendant's liability to plaintiff, if any, is limited to the declared or released rate valuation in accordance with the Bills of Lading, or other applicable contracts of carriage, and Defendant's rates, rules, classifications and tariffs governing the subject shipments.

9.      Under the Bills of Lading, or other applicable contracts of carriage, Defendant is not liable for any loss or damage caused by or resulting from an act, omission or order of the shipper, or from a defect or inherent vice of the article, improper labeling, or improper packaging, packing or loading of the shipment by the shipper or anyone acting on behalf of the shipper.

10.     The Bills of Lading, or other applicable contracts of carriage, and Defendant's rates, rules, classifications and tariffs do not contemplate carrier responsibility for special damages such as loss of use, loss of revenue, lost profits, additional contractor costs and the like. To the extent any of the damages sought by plaintiff in his Complaint constitute special damages, Defendant is not liable.

11.     The Carmack Amendment to the Interstate Commerce Commission Termination Act, 49 U.S.C. § 14706, preempts plaintiff's state law claims, both statutory and common law, against Defendant.

12.     The Bills of Lading, or other applicable contracts of carriage, further required that as a condition precedent to recovery, claims must be filed in writing with the carrier within nine (9) months after delivery of the shipments or, in the case of failure to make delivery, then within nine (9) months after a reasonable time for delivery elapsed, and that suit must be instituted against the carrier within two (2) years and one day from the date when the claim is denied.  In the event either of plaintiff's claims on the shipments that are the subject of its Complaint were insufficient or defective or were not filed within the above-described time limits, then plaintiff is

4

barred from any recovery on such claim in this action.  Likewise, if plaintiff's Complaint was not filed against Defendant within two (2) years and one day from the date when plaintiff's claims were denied, then plaintiff is barred from any recovery on such claim in this action.

13.    Defendant reserves the right to plead any additional defenses as they become known through discovery in this case.

**WHEREFORE**, Defendant request that Plaintiff's Complaint be dismissed with prejudice, that a judgment be entered in favor of Defendant for its reasonable attorneys' fees and costs, and for such other and further relief as this Court deems just and proper.

.

Respectfully submitted,

NOWELL AMOROSO KLEIN BIERMAN, P.A.

s/ William D. Bierman
William D. Bierman (WB – 8955)
155 Polifly Road
Hackensack, New Jersey 07601
Telephone:    (201) 343-5001
Facsimile:    (201) 343-5181
E-mail: wbierman@nakblaw.com

Attorneys for Defendant,
Central Transport, Inc.